PER CURIAM.
¶1 Unquail T. Kennedy appeals a judgment of conviction entered after a jury found him guilty of one count of first-degree reckless homicide while using a dangerous weapon as a party to a crime and one count of possessing a firearm as a person previously adjudicated delinquent for a felonious act. See WIS. STAT § 940.02(1), 939.63(1)(b), 939.05, 941.29(2)(b) (2013-14).[1] Kennedy argues that his trial counsel provided ineffective assistance by failing to object to what he believes was improper cross-examination. We conclude that even if his trial counsel performed deficiently, Kennedy has failed to show he was prejudiced. Accordingly, we affirm.
I. BACKGROUND
¶2 Kennedy and Isiah Smith were both charged with the underlying homicide. They were tried separately.
¶3 At his trial, Kennedy did not dispute that he was at the scene when the victim was fatally shot. Instead, he testified that he thought Smith and the victim were just play fighting-despite hearing a gunshot and seeing the victim on the floor. On direct examination, Kennedy testified about why he did not realize the victim had been shot stating he believed a shooting would be like "a movie. Like when somebody get[s] shot, blood is everywhere. Like on the walls, on people['s] clothes. I didn't see none of that."
¶4 On cross-examination, the prosecutor asked a series of questions about whether, when Kennedy was "a kid," he witnessed the homicide of his sister's boyfriend. Kennedy said that he had not previously witnessed a homicide. The prosecutor twice asked him to confirm that he "told the detectives" something different. Kennedy first answered that he had not said anything inconsistent to the detectives, then said he did not recall telling the detectives about witnessing a homicide as a child. The prosecutor did not present any further evidence on the issue.
¶5 Ultimately, the jury found Kennedy guilty of first-degree reckless homicide and of possessing a firearm as a person previously adjudicated delinquent for a felonious act.
¶6 As relevant to this appeal, Kennedy filed a postconviction motion seeking a new trial based on the alleged ineffective assistance of his trial counsel for failing to object to what Kennedy believes was improper cross-examination.[2] Following briefing, the postconviction court denied Kennedy's request for a new trial without a hearing. The postconviction court specifically concluded that Kennedy could not demonstrate prejudice "in light of all of the other circumstantial evidence which showed that the defendant acted with utter disregard for human life."
¶7 This appeal follows.
II. DISCUSSION
¶8 Kennedy renews his claim that trial counsel was ineffective for failing to object to what Kennedy believes was improper cross-examination regarding his prior experience with witnessing a homicide.
¶9 A defendant claiming ineffective assistance of counsel must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington , 466 U.S. 668, 687 (1984). "Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact." State v. Maday , 2017 WI 28, ¶25, 374 Wis. 2d 164, 892 N.W.2d 611. The circuit court's findings of fact will not be disturbed unless those findings are clearly erroneous. Id. " '[T]he circumstances of the case and ... counsel's conduct and strategy' are considered findings of fact." Id. (brackets in Maday ; citation omitted). However, whether those facts constitute deficient performance and whether such deficient performance was prejudicial are questions of law that we review independently. See State v. Tulley , 2001 WI App 236, ¶5, 248 Wis. 2d 505, 635 N.W.2d 807. "[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland , 466 U.S. at 697.
¶10 A defendant proves prejudice by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Jenkins , 2014 WI 59, ¶37, 355 Wis. 2d 180, 848 N.W.2d 786 (citation omitted). "[A] defendant need not prove the outcome would 'more likely than not' be different in order to establish prejudice in ineffective assistance cases." State v. Sholar , 2018 WI 53, ¶44, 381 Wis. 2d 560, 912 N.W.2d 89 (citing Strickland , 466 U.S. at 693 ). "Accordingly, a defendant need not prove the jury would have acquitted him [or her], but he [or she] must prove there is a reasonable probability it would have, absent the error." Id. , ¶46 (underlining omitted).
¶11 Regardless of whether trial counsel was deficient for failing to object to the cross-examination line of questioning, we are not convinced there is a reasonable probability that the jury would have acquitted Kennedy absent the error. Here, the State was required to prove the following elements of first-degree reckless homicide: (1) Kennedy caused the death of the victim; (2) the death was caused by criminally reckless conduct; and (3) the circumstances of Kennedy's conduct showed utter disregard for the victim's life. See WIS JI- CRIMINAL 1020. Because Kennedy was charged as a party to the crime, the State had to prove that Kennedy was concerned in the commission of the crime by either directly committing the homicide or by intentionally aiding and abetting the person who directly committed the homicide. See WIS JI- CRIMINAL 400.
¶12 Kennedy focuses his prejudice analysis on the "utter disregard" element. The first-degree reckless homicide instruction advises the jury to consider the following factors in deciding whether a defendant acted with utter disregard for human life: "what the defendant was doing; why the defendant was engaged in that conduct; how dangerous the conduct was; how obvious the danger was; whether the conduct showed any regard for life; and, all other facts and circumstances relating to the conduct." WIS JI- CRIMINAL 1020.
¶13 Kennedy asserts that with its line of questioning on cross-examination, the State implied that Kennedy previously witnessed a homicide and therefore, knew what a death, as the one that occurred in this case, would look like. According to Kennedy, "[t]his was used by the State to defeat any defense Kennedy had that he did not act with utter disregard for human life." He submits that based on his answers, "a reasonable juror could conclud[e] that Kennedy not only witnessed the previous homicide but lied to officers about that prior homicide[,] which hurt Kennedy's overall credibility."
¶14 Kennedy analyzes the cross-examination questioning at issue in isolation instead of in the context of the abundant circumstantial evidence linking him to the homicide. See Sholar , 381 Wis. 2d 560, ¶43 (concluding that the record "thwart[ed]" the defendant's ability to demonstrate prejudice). The evidence presented to the jury included the following: (1) the victim's dying declaration to his girlfriend that the "little niggas off 38th" shot him with additional testimony that she believed he was talking about Kennedy and Smith, whom she knew from the "neighborhood" near 38th Street and Wright Street; (2) video evidence of Kennedy exiting the apartment holding a gun in the ready-to-shoot position and getting into a running vehicle; (3) Kennedy's testimony that he heard a gunshot, along with his testimony that the victim told him to leave the premises rather than help him; and (4) the medical examiner's testimony that there were cuts and abrasions on the victim's hand and face, which was at odds with Kennedy's testimony that Smith and the victim were play fighting.
¶15 Kennedy's actions, as presented through this evidence, are inconsistent with "any regard for life." See WIS JI- CRIMINAL 1020. As summed up by the State: "[W]hether Kennedy had seen a homicide before or not, there was ample proof that Kennedy knew [the victim] was hurt and did nothing about it when he plainly could have." Kennedy has not demonstrated that trial counsel's failure to object during cross-examination prejudiced his defense.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Kennedy also sought and received a new sentencing hearing. He does not pursue a sentencing claim on appeal. The Honorable Mark A. Sanders presided over Kennedy's postconviction proceedings.